IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAVANNAH COLLEGE OF ART
AND DESIGN, INC.,
    Plaintiff,

    v.

SPORTSWEAR, INC.
doing business as
PrepSportswear,
    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-2288-TWT

**OPINION AND ORDER**

This is a trademark infringement case. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 39], the Plaintiff's Motion for Summary Judgment [Doc. 40], and the Defendant's Motion to Strike Improper Evidence [Doc. 50]. For the reasons stated below, the Defendant's Motion for Summary Judgment is GRANTED and the Plaintiff's Motion for Summary Judgment is DENIED. The Defendant's Motion to Strike Improper Evidence is GRANTED in part and DENIED as moot in part.

## I. Background

The Plaintiff, Savannah College of Art and Design, Inc., was founded in 1978 as a private, non-profit college.[1] The Plaintiff now has campuses in Savannah, Atlanta, Hong Kong, and Lacoste, France.[2] The Plaintiff's business is providing educational services.[3] The Plaintiff owns several service mark registrations: Registration No. 3,751,493 for a circular bee design,[4] Registration No. 3,118,809 for a circular shield design,[5] Registration No. 2,686,644 for the text mark "SCAD,"[6] and Registration No. 2,918,888 for the text mark "Savannah College of Art and Design."[7] All of the registrations were issued in connection with the provision of educational services.[8] None of the marks are registered for use in connection with the sale of clothing or headwear.[9] Additionally, the Plaintiff has no evidence of when any of the marks were

---

[1]   Def.'s Statement of Facts ¶ 1.

[2]   Id.

[3]   Id. ¶ 2.

[4]   Id. ¶ 4.

[5]   Id. ¶ 8.

[6]   Id. ¶ 14.

[7]   Id. ¶ 17.

[8]   Id. ¶¶ 5, 9, 15, 18.

[9]   Id. ¶¶ 6, 10, 16, 19.

first used in connection with the sale of apparel or related goods.[10] The Plaintiff did enter into a license agreement with Follett in June of 2011, which allowed Follett to provide licensed apparel at the campus bookstores.[11]

The Defendant, Prep Sportswear, is an internet-based business incorporated under Washington law in 2005.[12] The Defendant sells customizable apparel and fan clothing for a variety of organizations, including high school and college sports teams.[13] In August of 2009, the Defendant began selling goods bearing the words "Savannah College of Art and Design" and "SCAD."[14] The Plaintiff alleges that the Defendant infringed its trademarks under both the Lanham Act and Georgia law. Both parties now move for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and

---

[10]   Id. ¶ 24.

[11]   Id. ¶¶ 27-30.

[12]   Id. ¶ 44.

[13]   Id. ¶ 45.

[14]   Id. ¶¶ 53-54.

that the movant is entitled to judgment as a matter of law.[15] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[16] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[17] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[18] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[19]

### III. Discussion

Both the Plaintiff and the Defendant move for summary judgment on the Plaintiff's claims under the Lanham Act and Georgia law. In the Eleventh Circuit, "the use of another's unregistered, i.e., common law, trademark can constitute a violation of [section 43(a) of the Lanham Act]."[20] To establish a violation, a plaintiff must show

---

[15] FED. R. CIV. P. 56(a).

[16] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[17] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[18] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[19] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[20] Crystal Entertainment & Filmworks, Inc. v. Jurado, 643 F.3d 1313, 1320 (11th Cir. 2011) (alteration in original).

that it had enforceable rights in the mark and "that the defendant made unauthorized use of it such that consumers were likely to confuse the two."[21] It is well established in trademark law "that a mark can identify and distinguish only a single commercial source."[22] "Common-law trademark rights are appropriated only through actual prior use in commerce."[23] Additionally, registration of a mark is prima facie evidence "of the registrant's exclusive right to use the registered mark in commerce or in connection with the goods or services specified in the registration."[24] That presumption, however, only applies to the goods or services specified in the registration, not to all goods and services.[25]

Here, the parties agree that the Plaintiff has valid registrations for the four marks at issue. Those registrations are for use of the marks in connection with educational services. The Plaintiff admits that it does not have registrations for the marks related to apparel. Instead, the Plaintiff argues that it needs no such registrations. That is not the case. Because the Plaintiff does not have registered marks

---

[21] Id.

[22] Id.

[23] Id. at 1321.

[24] 15 U.S.C. § 1115(a).

[25] Gameologist Grp., LLC v. Scientific Games Int'l, Inc., 838 F. Supp. 2d 141, 153 (S.D.N.Y. 2011).

for apparel, it must show that it used the marks in commerce prior to the Defendant's use.[26] The Plaintiff has not presented that evidence. In fact, the deposition of Hannah Flowers demonstrated that there are no records of when the Plaintiff first used its marks on apparel.[27] The Plaintiff also initially admitted that it did not have any evidence of when the marks were first used.[28]

In its reply in support of its motion for summary judgment, the Plaintiff attempted to introduce a website indicating prior use of the marks on apparel. The Defendant moved to strike that evidence, along with two other pieces of evidence cited in the Plaintiff's reply brief. The Court considers the motion to strike as a motion to exclude, given that motions to strike are not the proper method for challenging the admissibility of evidence on summary judgment.[29] For two reasons, the motion to exclude the website should be granted. First, the evidence and argument were raised for the first time in a reply brief. Arguments raised for the first time in a reply brief may not be considered by the Court.[30] Second, even if this Court could consider an

---

[26]  Crystal Entertainment, 643 F.3d at 1321.

[27]  Flowers Dep. at 16.

[28]  Pl.'s Resp. to Def.'s Statement of Facts ¶ 24.

[29]  Fed. R. Civ. P. 56(c)(2); Id. advisory committee's note of 2010.

[30]  United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984).

argument raised for the first time in a reply brief, it would not consider the evidence here. Both in a 30(b)(6) deposition and in its response to the Defendant's Statement of Facts, the Plaintiff stated that it had no evidence of when the marks at issue were first used on apparel. Under the principle of estoppel, therefore, this Court will not permit the Plaintiff to introduce evidence to contradict its earlier admissions. The Defendant's motion to exclude the evidence on page 2, footnote 1, of the Plaintiff's Reply in Support of its Motion for Summary Judgment should therefore be granted. The remainder of the motion to exclude addresses evidence the Court does not need to consider in ruling on the motions for summary judgment and should be denied as moot.

Because the Plaintiff fails to present admissible evidence showing that it has enforceable rights in a mark related to apparel, the Defendant's motion for summary judgment on the Plaintiff's Lanham Act claims should be granted and the Plaintiff's motion for summary judgment should be denied. The analysis under the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA") is "co-extensive" with the analysis under the Lanham Act.[31] The Defendant's motion for summary judgment on

---

[31] Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1248 n.11 (11th Cir. 2007).

the Plaintiff's claim under the GUDTPA should also be granted. The Plaintiff's motion should be denied.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 39] is GRANTED. The Plaintiff's Motion for Summary Judgment [Doc. 40] is DENIED. The Defendant's Motion to Strike Improper Evidence [Doc. 50] is GRANTED in part and DENIED as moot in part.

SO ORDERED, this 31 day of July, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge