# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC., ) ) ) Plaintiff, ) ) v. ) ) SPORTSWEAR, INC. ) d/b/a PrepSportswear, ) ) Defendant. ) _____) | CIVIL ACTION FILE NO. 1:14-cv-02288-TWT |

### PLAINTIFF SAVANNAH COLLEGE OF ART AND DESIGN, INC.'S MOTION TO STAY LITIGATION PENDING APPEAL AND INCORPORATED MEMORANDUM OF LAW

Pursuant to LR 7.2, N.D.Ga., Plaintiff Savannah College of Art and Design, Inc., ("SCAD") respectfully submits this Motion to Stay Litigation Pending Appeal and Memorandum in Support thereof. On August 3, 2015, this Court issued a Final Judgment in this matter, ruling on summary judgment in favor of Defendant Sportswear, Inc. ("Sportswear"). Subsequently, on August 17, 2015, Sportswear filed a Motion for Attorneys' Fees seeking to collect over $210,000. Doc. 56. On August 25, 2015, Sportswear filed its Bill of Costs seeking to collect $2,200.05. Doc. 57. SCAD respectfully requests that any further litigation over attorneys'

fees and costs be deferred until after resolution of the appeal that SCAD filed with the Eleventh Circuit on August 26, 2015.  Doc. 58.

A stay of any further litigation over attorneys' fees and costs is consistent with the interests of justice and judicial economy.  Litigating the issue of attorneys' fees will require considerable time and effort, which will have been wasted should SCAD prevail in its appeal on the merits.  Sportswear's Motion for Attorneys' Fees and Costs raises a host of issues, many not squarely addressed in the four corners of its Motion and which are vigorously disputed by SCAD.  Sportswear seeks to collect all of the fees it incurred as the defendant.  Apart from the issue of whether an award of fees for Sportswear is appropriate in this matter (a proposition SCAD adamantly disputes), Sportswear does not link any specific fees and expenses to the supposed objectionable conduct that forms the basis for Sportswear's motion.  Thus, the Court and the parties will have to spend time and resources assessing and determining the reasonableness (or lack thereof) of Sportswear's claim.

As discussed below, no harm will come by deferring consideration of Sportswear's motion and bill of costs until after the pending appeal is resolved.  Accordingly, SCAD seeks to defer litigating the issue of attorneys' fees and costs until such time as the appeal is concluded.

## I. ARGUMENT AND CITATION OF AUTHORITIES

The Federal Rules of Civil Procedure contemplate that a district court may defer ruling on a request for attorneys' fees and costs until a pending appeal has been decided. *See Rau v. Apple-Rio Mgmt. Co.*, 2000 U.S. Dist. LEXIS 20395 (N.D. Ga. Mar. 29, 2000) (quoting the Advisory Committee Notes to the 1993 amendment to Fed. R. Civ. P. 54(d)(2), "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). The Supreme Court has identified four factors to be considered in assessing a request for a stay of litigation pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The stay factors contemplate "individualized judgments" in each case, and "the formula [for doing so] cannot be reduced to a set of rigid rules." *Id.* at 777.

The first factor weighs in SCAD's favor, and it should be applied flexibly, as were it applied literally it would almost never be met. *United States v. ASCAP*,

1991 U.S. Dist. LEXIS 14274, *2-3 n.2 (S.D.N.Y. Oct. 3, 1991) ("Were it otherwise, a stay would presumably never be granted by a district court, except perhaps in the rare instance in which the court had lost faith in its own ruling."). As an initial matter, since the case was decided on summary judgment, the Eleventh Circuit will consider the underlying ruling on a *de novo* basis. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). In its appeal, SCAD will contend, *inter alia*, that it is entitled to relief under Eleventh Circuit precedent that supports SCAD's claims of Defendant's infringement of SCAD's registered trademarks under 15 U.S.C. § 1114 and Defendant's violation of SCAD's rights under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). SCAD reasonably believes that the Eleventh Circuit will not depart from its long established case law and hold that SCAD was not required to prove trademark rights in the exact same class of goods of the Defendant in order for SCAD to stop the Defendant from intentionally benefitting from the good will associated with SCAD's services by unauthorized use of SCAD trademarks on apparel. Indeed, the Defendant's position in this case directly contradicts *Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1008 (5th Cir. 1975)[1] (finding, *inter*

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d

*alia*, infringement of registered marks under section 1114 by sales of apparel with plaintiffs' trademarks where their registrations were directed to not apparel but to "ice hockey entertainment services"), and *Univ. of Georgia Athletic Ass'n v. Laite*, 756 F.2d 1535, 1537 (11th Cir. 1985) (finding violation of plaintiff's rights under Section 43(a) of the Lanham Act where defendant sold beer with plaintiff's trademarks (which the plaintiff university did not and could not sell) and its state trademark registrations specified "services related to sports activities" (internal quotation marks omitted)).  These cases stand for the proposition, as a matter of law, that SCAD's claims are not dependent on when it first began selling or advertising apparel with its trademarks (or in fact whether it ever sold apparel with its trademarks).  Inasmuch as this case has not been analyzed as to this Eleventh Circuit precedent, Plaintiff respectfully submits that the Eleventh Circuit's *de novo* consideration of the same would be the reasonable basis for belief that a contrary appellate outcome is likely.  Further, specifically as to the *Laite* case, when Defendant finally acknowledged this critical, adverse case law in its summary judgment reply brief, it could only suggest that the Eleventh Circuit "is simply wrong." Doc. 48, p. 12.

The second factor weighs heavily in favor of a stay. Granting the requested

---

1206, 1209 (11th Cir. 1981) (*en banc*).

stay preserves judicial resources, the parties' resources, and allows the parties to focus on preparing the matter for the Eleventh Circuit. Litigating the issue of attorneys' fees and costs will require that the parties and the Court expend resources that will have been wasted (and may have to be duplicated) in the event that SCAD succeeds in its appeal. *See, e.g., Nat'l Ass'n of Concerned Veterans v. Sec. of Def., 675 F.2d 1319*, (D.C. Cir. 1982) (holding that discovery regarding "the justification for the claimed billing rate and the nature and extent of the work done … is essential in the calculation of the fee award"). Indeed, citing concerns of judicial efficiency, and without even examining the four factors cited above for stay of an order, courts often defer ruling on a request for fees until after an appeal on the merits is decided. *See, e.g., Hipp v. Liberty Nat. Life Ins. Co.*, 65 F. Supp.2d 1314, 1323 (M.D. Fla. 1999) ("In the interests of judicial economy, the Court will … defer ruling on costs and attorneys' fees until all appeals have been resolved"), *aff'd in part, rev'd on other grounds in part*, 252 F.3d 1208 (11th Cir. 2001); *Nat'l Farmer's Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) ("Thus, rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, [ ] the district court wisely deferred ruling on attorneys' fees and costs pending appeal") (citations omitted); *Hammond v. Alcoa, Inc.*, 2009 U.S. Dist. LEXIS 14212, *3-4

(W.D. Pa. Feb. 24, 2009) (deferring motion for an award of attorney's fees while appeal on merits was pending, finding the motion "premature" and that to rule before the Third Circuit decides the appeal would be "inappropriate" and "inefficient"); *Lasic v. Moreno*, 2007 U.S. Dist. LEXIS 88608, *2-3 (E.D. Cal. Nov. 21, 2007) (finding it in interests of judicial economy to defer ruling on attorneys' fees request when appeal on merits is pending). In addition to judicial efficiency, the parties can avoid the unnecessary expenditure of fees (should this Court issue the requested stay) by having to brief the attorneys' fees issue only one time.

The third factor also weighs heavily in favor of a stay. Sportswear will not be harmed by the issuance of the Stay. There is no allegation or basis to allege that SCAD will be unable to pay an award of reasonable attorneys' fees following a ruling from the Eleventh Circuit, should SCAD lose the appeal and this Court deem an award of fees appropriate. Moreover, if the Court proceeds with litigating the issue of attorneys' fees now, even if Sportswear's Motion were ultimately granted in some measure, SCAD would appeal any award of attorneys' fees, and could obtain a stay pending such appeal. Thus, as a practical matter, in no event will Sportswear collect any fees until after the Eleventh Circuit rules on SCAD's appeal(s).

The fourth factor, regarding the public interest, also favors SCAD. The public interest is in an efficient use of resources. Litigating the issue of attorneys' fees before the Eleventh Circuit has ruled on SCAD's appeal is simply inefficient, and there is no prejudice to any party by deferring the issue. As discussed above, *supra* at pp. 6-7, litigation over attorneys' fees while an appeal on the merits is pending is a waste of judicial resources.

## II. CONCLUSION

For the foregoing reasons, SCAD respectfully request that this Court grant this Motion to Stay Litigation Pending Appeal. A proposed order for the Court's consideration is attached as Exhibit A.

Respectfully submitted this 1st day of September, 2015.

                                            */s/ W. Scott Creasman*
                                            W. Scott Creasman
                                            Georgia Bar No. 194860
                                            Seth K. Trimble
                                            Georgia Bar No. 851055

                                            **TAYLOR ENGLISH DUMA LLP**
                                            1600 Parkwood Circle, Suite 400
                                            Atlanta, Georgia 30339
                                            Telephone: (770) 434-6868
                                            Facsimile: (770) 434-7376
                                            screasman@taylorenglish.com
                                            strimble@taylorenglish.com

                                            Attorneys for Plaintiff
                                            Savannah College of Art and Design, Inc.

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Motion to Stay Litigation Pending Appeal and Memorandum in Support thereof was prepared using Times New Roman, 14-point, and otherwise conforms to the requirements of Local Rule 5.1.

Dated: September 1, 2015.

                                            */s/ W. Scott Creasman*
                                            W. Scott Creasman
                                            screasman@taylorenglish.com
                                            Georgia Bar No. 194860

                                            TAYLOR ENGLISH DUMA LLP
                                            1600 Parkwood Circle – Suite 400
                                            Atlanta, Georgia 30339
                                            Telephone:   (770) 434-6868
                                            Facsimile:    (404) 434-7376

                                            Attorney for Plaintiff
                                            Savannah College of Art and Design, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document entitled Motion to Stay Litigation Pending Appeal and Memorandum in Support thereof was served via the United States District Court for the Northern District of Georgia's ECF System to all counsel of record.

This 1st day of September, 2015.

>  /s/ W. Scott Creasman
>  W. Scott Creasman
>  screasman@taylorenglish.com
>  Georgia Bar No. 194860
>
>  TAYLOR ENGLISH DUMA LLP
>  1600 Parkwood Circle – Suite 400
>  Atlanta, Georgia 30339
>  Telephone:  (770) 434-6868
>  Facsimile:   (404) 434-7376
>
>  Attorney for Plaintiff
>  Savannah College of Art and Design, Inc.